# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# NEW ALBANY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. David Abrams, and <br> STATE OF INDIANA ex rel. David Abrams, <br><br> Plaintiffs, <br><br> v. <br><br> PROCARENT, INC., <br> YELLOW ENTERPRISE SYSTEMS, LLC <br>    a/k/a YELLOW ENTERPRISE SYSTEMS <br>    a/k/a YELLOW AMBULANCE OF SOUTHERN INDIANA <br>    a/k/a YELLOW AMBULANCE SERVICE, <br> CARE AMBULANCE SERVICE, LLC <br>    a/k/a CARE AMBULANCE, <br> GATEWAY AMBULANCE SERVICE, LLC <br>    a/k/a GATEWAY AMBULANCE, <br> MICHAEL J. MACKIN, and <br> MILLERS MERRY MANOR, <br><br> Defendants. <br><br> DAVID ABRAMS, <br><br> Relator. | Case No. 4:15-cv-00104-TWP-DML |

## **ENTRY DENYING PLAINTIFF'S MOTION TO TRANSFER**

This matter is before the Court on Relator David Abrams' ("Abrams") Motion to Transfer filed pursuant to 28 U.S.C. § 1404(a). (Filing No. 137.) Roughly a year ago, Abrams filed an Amended Complaint alleging three ambulance services, their parent company, and nine affiliated individuals (the "Defendants") engaged in unlawful practices that include paying kickbacks to nursing homes and fraudulently upcharging the United States for ambulance services. (Filing No. 105.) Although Abrams filed his Amended Complaint in this Court, he now asks the Court to transfer this action to the United States District Court for the Western District of Kentucky. The

Defendants oppose the Motion to Transfer. For the following reasons, Abrams' Motion to Transfer is **denied**.

## I.     BACKGROUND

Abrams initiated this action on August 3, 2015. ([Filing No. 1](#).) The original Complaint named 59 Defendants, including 39 hospitals and skilled nursing facilities located in Indiana. The Amended Complaint, however, dropped all claims against the hospitals and facilities, leaving only 13 Defendants—eight persons and five business entities. Five of the individuals named in the Amended Complaint were subsequently dismissed, leaving only the eight Defendants, Procarent — an ambulance company which provides emergency and non-emergency ambulance transportation services, as well as wheelchair transportation services—its owner Macklin, and several ambulance companies. The Defendants reside mostly in Kentucky and are mostly represented by attorneys in the Louisville, Kentucky area. The case is still in the pleading stage; no discovery has yet occurred. Two fully-briefed Motions to Dismiss are pending before the Court. ([Filing No. 122](#); [Filing No. 124](#).)

## II.     DISCUSSION

Title 28 U.S.C. § 1404(a) allows district courts to transfer civil actions "[f]or the convenience of the parties and witnesses" and "in the interest of justice." "Transfer of venue is appropriate under § 1404(a) when the moving party establishes that (1) venue is proper in the transferor district; (2) venue and jurisdiction are proper in the transferee district; and (3) the transfer will serve the convenience of the parties, the convenience of the witnesses, and the interest of justice." *Commissioning Agents, Inc. v. Long*, 187 F.Supp.3d 980, 985 (S.D. Ind. 2016). "The movant (here, the plaintiff) has the burden of establishing, by reference to particular circumstances, that the transferee forum is clearly more convenient." *Coffey v. Van Dorn Iron Works*, 796 F.2d

2

217, 219-20 (7th Cir. 1986). The parties agree that the first two prongs of that test are satisfied, but dispute whether transfer would be more convenient for the parties and witnesses and whether it would serve the interest of justice.

A.  **Convenience of the Parties and Witnesses**

Abrams argues that the Western District of Kentucky is a more convenient venue for the parties. He is a resident of South Carolina, but the Defendants mainly reside in Kentucky. Only Defendant Charles Coffelt, who was terminated from the action in December 2019, is in Indiana, and his counsel is in Dallas, Texas. (Filing No. 113-8.) Defendants argue that although it is true they mostly reside in Kentucky, none is more than a few miles away from this Court's New Albany Courthouse, and all counsel are admitted to the Bar of the Southern District of Indiana. (Filing No. 145 at 3.)

The Court finds transfer to the Western District of Kentucky would not make this litigation more convenient for the parties. The Southern District of Indiana's Courthouse in New Albany is fewer than five miles away from the Western District of Kentucky's Courthouse in Louisville. The venues are of roughly equal convenience for the parties.

The same idea holds for the convenience of the witnesses. Regardless of whether most witnesses reside in Southern Indiana or Western Kentucky, any witness who would appear at trial would need to travel no more than five extra miles to get to the less convenient location. This negligible difference does not make the District of Western Kentucky a more convenient venue for potential witnesses.

B.  **Location of Material Events and Evidence**

Abrams asserts that most of the evidence in this case are financial documents and meeting notes from the companies located in Western Kentucky. (Filing No. 138 at 5.) He also argues that

the material events at issue are business decisions made by those companies which also occurred in Kentucky. *Id.* The Defendants respond that, although 39 hospitals and skilled nursing facilities in Indiana are no longer parties to this action, they will no doubt be called upon to produce evidence. (Filing No. 145 at 3.) This process will be easier, Defendants argue, if the case remains in this Court.

The Court finds that Abrams has not shown the Western District of Kentucky will be a more convenient venue than this Court. This case seems to have two primary sources of evidence—the ambulance services, located in Kentucky, and the facilities that used those services, located in Southern Indiana. Abrams has not offered a compelling reason why transfer from this District to the Western District of Kentucky would make evidence easier to obtain.

### C. The Interests of Justice

According to Abrams, "[t]he only difference between the two forums relevant to the interests of justice analysis is docket congestion." (Filing No. 138 at 6.) Citing statistics provided by the Federal Judiciary, Abrams argues that this Court has 42% more pending civil cases than the District Court for the Western District of Kentucky. *Id.* He argues transfer will not slow down the resolution of this case because it is still in the pleading stage and no case management plan has been entered. The Defendants respond that, despite the more congested docket, cases are resolved more quickly on average in this Court than in the Western District of Kentucky. (Filing No. 145 at 6.) They also argue that the U.S. Attorney's Office in this District is familiar with the case and has offered to assist the parties in settlement negotiations, whereas the U.S. Attorney's Office in the Western District of Kentucky is unfamiliar with this litigation.

Abrams' arguments do not convince the Court that transfer of venue would advance the interests of justice. While this Court is undoubtedly very busy, it is unlikely that resolution in this

4

case would occur more quickly in the Western District of Kentucky given that this Court is already familiar with the issues. Abrams has not met his burden, which requires him to show that the Western District of Kentucky is clearly a more convenient venue than this Court.

### III.    CONCLUSION

For those reasons, Abrams' Motion to Transfer, (Filing No. 137), is **DENIED**.

**SO ORDERED.**

Date: 10/5/2020

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Shelese M. Woods
UNITED STATES ATTORNEY'S OFFICE
shelese.woods@usdoj.gov

Eric Parker Babbs
INDIANA ATTORNEY GENERAL - MEDICAID FRAUD CONTROL UNIT
eric.babbs@atg.in.gov

Phillip D. Barber
RICHARD A. HAPOOTLIAN, PA
pdb@harpootlianlaw.com

William H. Brammell, Jr.
DRESSMAN BENEZINGER LAVELLE psc
bbrammell@dbllaw.com

C. Dean Furman, Jr.
FURMAN & NILSEN PLLC
dean@lawdean.com

Joseph P. Griffith, Jr.
JOE GRIFFITH LAW FIRM, LLC
joegriffithjr@hotmail.com

Richard A. Harpootlian
RICHARD A. HARPOOTLIAN, PA
rah@harpootlianlaw.com

Dennis P. Kennedy
DRESSMAN BENZINGER LAVELLE PSC
dkennedy@dbllaw.com

Christopher P. Kenney
RICHARD A. HARPOOTLIAN, PA
cpk@harpootlianlaw.com

D. Sean Nilsen
FURMAN & NILSEN PLLC
snilsen@lawsean.com

Jeffrey Kent Wicker
DRESSMAN BENZINGER LAVELL PSC
kwicker@dbllaw.com